IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-624-FDW
(3:09-cr-57-FDW-1)

| | |
|---|---|
| MARTIN KALCHSTEIN, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration of the Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's section 2255 motion will be dismissed.

## I.  BACKGROUND

On March 18, 2009, Petitioner was indicted by the grand jury in this district on one count of failing to surrender for service of a federal sentence, in violation of 18 U.S.C. § 3146(a)(2) (Count 1)[1]; and one count of contempt of court, in violation of 18 U.S.C. § 401(3) (Count 2). (3:09-cr-57, Doc. No. 1: Indictment). Petitioner decided to enter guilty pleas to each count without benefit of a plea agreement. On June 5, 2009, Petitioner appeared with counsel before the magistrate judge for his Plea and Rule 11 hearing and he was placed under oath. A review of the transcript demonstrates that the court fully complied with the requirements of Rule 11 of the

---

[1] In Criminal Case No. 3:06-cr-151-FDW-6, Petitioner was convicted in this district on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. §§ 371 & 2326, and two counts of wire fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 1343 & 2, and 18 U.S.C. § 2326. Petitioner was sentenced to ninety months on each count with such counts to run concurrently.

Federal Rules of Criminal Procedure. The elements of each count in his indictment were explained to him and he acknowledged that he understood the charges and the maximum penalties. The court explained that Petitioner could elect to plead not guilty and the Government would then be required to prove his guilt beyond a reasonable doubt at trial. Petitioner admitted that he understood that he was waiving his right to contest the charges, and further that he was in fact guilty of the conduct charged in each count. See (3:09-cr-57, Doc. No. 24: Rule 11 Tr.). Petitioner's pleas of guilty were accepted after the court found that Petitioner fully understood the charges and that his pleas were both knowingly and voluntarily entered. See (Doc. No. 9: Acceptance and Entry of Guilty Plea).

On September 22, 2009, Petitioner appeared with counsel for his sentencing hearing. The Court reviewed the Rule 11 proceedings and Petitioner confirmed that he had been placed under oath at the hearing and that his answers to the magistrate judge's questions were true and correct. Moreover, the Petitioner stated that he would answer the questions the same way if those questions were posed again during sentencing. After finding that Petitioner had knowingly and voluntarily entered his pleas of guilty, the Court affirmed the magistrate judge's acceptance and entry of the guilty pleas. Petitioner was sentenced to concurrent terms of 72-months' imprisonment on Counts 1 and 2 and the sentence was ordered to run consecutively to the sentence imposed in Criminal Case No. 3:06-cr-151. (Doc. No. 14: Judgment in a Criminal Case). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner argued that the sentence imposed was unreasonable and greater than necessary when examined under the provisions of 18 U.S.C. § 3553(a). The Court rejected Petitioner's argument and affirmed his judgment in all respects. See United States v. Kalchstein,

388 F. App'x 350 (4th Cir. 2010) (unpublished), cert. denied, Kalchstein v. United States, 131 S. Ct. 621 (2010).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this collateral proceeding, Petitioner contends for the first time that his conviction on Count 2 violates the Constitution's prohibition on Double Jeopardy. See U.S. CONST. amend. V. Petitioner argues that the grand jury's indictment charged duplicative counts which he contends resulted in an illegal indictment. Petitioner also argues that his attorney provided ineffective assistance of counsel in failing to object to the indictment. Finally, Petitioner maintains that his counsel was ineffective in advising him to plead guilty as charged. In sum, Petitioner contends that he is actually innocent of the conduct charged in Count 2. (3:13-cv-624, Doc. No. 1). Petitioner acknowledges that he did not raise these claims on appeal and that his § 2255 motion is untimely. However, Petitioner explains that his motion should nevertheless be considered on the merits and that his procedural default in failing to raise the present arguments before now should be excused. (Id. at 17-21; 25 ("As Petitioner, I acknowledge that my Section 2255 is late.")).

As the Supreme Court has made clear, a defendant seeking collateral relief based on errors not raised at trial or on appeal must show "cause" excusing his procedural default and "actual prejudice" resulting from the alleged errors." United States v. Frady, 456 U.S. 152, 165-66 (1982); see also Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.' ") (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)). A defendant failing to raise issues on direct appeal may also escape procedural default if he can demonstrate that a miscarriage of justice would result if the court declined "to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing Frady, 456 U.S. at 167-68)).

In addressing the issue of timeliness, Petitioner argues that his § 2255 motion should be considered on the merits based in part on the Supreme Court's decision in McQuiggen v. Perkins, __ U.S. __, 133 S. Ct. 1924 (May 28, 2013). As is relevant in the present case, in order for a § 2255 motion to be timely, it must be filed within one year from the date that Supreme Court recognizes a new right and that right has been retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). While Petitioner's motion was filed within one year of the date the Supreme Court filed its opinion in McQuiggen v. Perkins, that can be of no assistance to Petitioner as he does not make a credible case that he is actually innocent of the conduct charged in Count 2 of his indictment.

In McQuiggen, the Supreme Court held that there was a "miscarriage of justice" exception which could excuse an otherwise untimely habeas petition. 133 S. Ct. at 1928 ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass . . .") (internal citations omitted). Petitioner's reliance on McQuiggen is misguided as the Supreme

4

Court did not address the crimes to which Petitioner offered his solemn guilty pleas. Rather, the Court considered whether a state inmate could avoid the one-year limitations period and demonstrate that he was actually innocent of murder. The petitioner in McQuiggen filed a habeas petition more than 11 years after his conviction had become final contending that he was actually innocent of the murder for which he was tried and convicted. In support of his motion, the petitioner attached three affidavits which alleged that another individual had in fact committed the murder for which he was convicted.

In the present case, Petitioner's pleas of guilty foreclose his effort to set aside his conviction or sentence. First, Petitioner offers no reasonable explanation as to why he did not raise his claims within one year of the date that his judgment became final.[2] Notwithstanding Petitioner's argument under McQuiggen the Court finds that Petitioner could have raised the present claims prior to pleading guilty, or after he pled guilty but before sentencing, or on direct appeal to the Fourth Circuit. However, he did not do so. Rather he offers belated and unconvincing arguments regarding ineffective assistance of counsel in an effort to present the merits of his claim.

Second, Petitioner offered sworn statements that he was in fact guilty of each count during his Rule 11 hearing, and his guilty pleas were accepted and confirmed by this Court during his sentencing. Now more than four years after he was sentenced, Petitioner seeks to avoid the consequences of his decision to plead guilty by charging that his attorney's advice was erroneous and that he received ineffective assistance of counsel. "[A] defendant's solemn

---

[2] The Supreme Court denied Petitioner's petition for a writ of certiorari on November 15, 2010; therefore his conviction became final on or about November 14, 2010. Petitioner's § 2255 motion was therefore filed nearly two years out of time under § 2255(f)(1).

declarations . . . 'carry a strong presumption of verity.'" Blackledge v. Allison, 431 U.S. 63, 74 (1977). "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)). "Indeed, because [defendant's statements] do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" Id. (internal citations omitted).

In sum, the Court finds that Petitioner could have made the present arguments and challenges prior to pleading guilty, or before sentencing, or on direct appeal. For the reasons stated herein, the Court finds that Petitioner's § 2255 motion is untimely and he has failed to demonstrate that declining to reach the claims that he could have raised over four years ago would represent a miscarriage of justice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion is **DISMISSED**. (Doc. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issues a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: December 11, 2013

Frank D. Whitney
Chief United States District Judge